IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | No. 09 CR 446 |
| DAHVEED DEAN and ) | |
| TERRANCE DANIELS, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Dahveed Dean's (Dean) motions in limine and the Government's motions in limine. For the reasons stated below, the Government's motions in limine are granted and Dean's motions in limine are denied.

**DISCUSSION**

I. Dean's Motions

A. Exclusion of Certain Evidence Pursuant to Rule 403

Dean seeks, pursuant to Federal Rule of Evidence 403 (Rule 403), to bar the admission of (1) a sketch of a bank layout found on the back of a bond sheet (Sketch)

1

that was allegedly recovered from Dean's car, (2) testimony relating to the sources of money used to post bond for Dean and an individual named Maurice Wilbon (Wilbon) in January 2006, and (3) testimony relating to Dean's alleged abundance of cash shortly after the charged robberies occurred. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Dean argues that such evidence is not specifically related to the bank robberies charged in the case, and that such evidence is prejudicial to Dean and likely to confuse the jury. The Government correctly points out that the Sketch is directly relevant to show Dean's alleged preparation and planning of the bank robbery that occurred on December 20, 2005 (December 2005 Robbery). In addition, because the posting of large cash bonds and cash purchases occurred shortly after the December 2005 Robbery, such evidence is directly relevant to the issue of whether Dean committed the December 2005 Robbery. Therefore, based upon the above, Dean's motion is denied.

B. Exclusion of Hearsay Testimony

Dean seeks to bar the Government from introducing hearsay testimony by Government witnesses relating to Dean's reputation as a bank robber and Dean's commission of certain bad acts. In response to the motion, the Government indicates that it does not intend to introduce the testimony identified by Dean in his motion.

2

Therefore, Dean's motion is denied as moot.

### C. Exclusion of Rule 404(b) Testimony

Dean seeks, pursuant to Federal Rule of Evidence 404(b) (Rule 404(b)), to bar (1) evidence relating to his prior conviction for being a felon in possession of a firearm in case number 06 CR 550, (2) testimony of Marcus Moore (Moore) relating to (a) statements Dean made to him about a robbery and shooting and (b) threats Dean allegedly made against Moore and his family (Threats), and (3) testimony from various other witnesses relating to prior bad acts allegedly committed by Dean. Pursuant to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence, a court must consider whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the

3

similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Diekhoff*, 535 F.3d 611, 617 (7th Cir. 2008)(internal quotations omitted)(quoting *United States v. Simpson,* 479 F.3d 492, 498 (7th Cir. 2007)).

Dean argues that the testimony at issue does not fit within the permitted uses of Rule 404(b) testimony and is not admissible under the intricately related doctrine. The court notes that the Seventh Circuit has recently abolished admissibility of evidence under the intricately related, or inextricably intertwined, doctrine. *See United States v. Gorman*, 613 F.3d 711, 719 (7th Cir. 2010)(stating that "the inextricable intertwinement doctrine has outlived its usefulness," and that "[h]enceforth, resort to inextricable intertwinement is unavailable when determining a theory of admissibility"). With respect to whether Dean's conviction in case number 06 CR 550 falls within the permitted uses of Rule 404(b) evidence, the Government has indicated in its filings that, at this time, it does not intend to introduce evidence of the conviction itself, but that it does intend to offer evidence relating to Dean's possession of firearms on January 3, 2006. Such evidence is admissible as direct evidence of Dean's participation in the December 2005 Robbery, which involved alleged use of the same firearms. Further, the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice to Dean.

With respect to whether Moore's testimony falls within the permitted uses of Rule 404(b) evidence, the Government indicates that it does not intend to introduce

4

evidence relating to the Threats unless Dean tries to discredit Moore's testimony indicating that Moore attempted to distance himself from Dean and his associates after an alleged bank robbery attempt and that Moore was reluctant to participate in the December 2005 Robbery. Under such circumstances, testimony regarding the Threats would be relevant to establishing Moore's credibility, and would therefore be admissible under Rule 404(b). *See, e.g., United States v. Thompson*, 286 F.3d 950, 969 (7th Cir. 2002). With respect to the other 404(b) evidence identified by Dean in his motion, the Government indicates that, at this time, it does not intend to present such evidence at trial. Therefore, based on the above, Dean's motion is denied.

### D. Exclusion of Testimony Relating to Dean's Prior Convictions

Dean seeks, pursuant to Federal Rule of Evidence 609 (Rule 609), to bar testimony concerning Dean's prior convictions. Dean argues in support of his motion that the prior convictions, other than the conviction in case number 06 CR 550, occurred long ago, and that they are not relevant to the crimes charged in the instant case. In its response to Dean's motion, the Government agrees that Dean's misdemeanor conviction for domestic battery is inadmissible. In addition, the Government indicates that it has no intention of eliciting testimony relating to Dean's other convictions if Dean does not testify at trial. However, the Government correctly points out that if Dean testifies at trial, evidence relating to Dean's prior felony convictions, including his conviction in case number 06 CR 550, may be admissible at trial for impeachment purposes, depending on the testimony given by

Dean. *See* Fed. R. Evid. 609(a)(1)(B)(indicating that evidence of a felony conviction must be admitted to attack a witness' character for truthfulness "in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant"). Therefore, based on the above, Dean's motion is denied.

II. Government's Motions

    A. Evidence Relating to an Alleged Attempted Robbery

Pursuant to Rule 404(b), the Government seeks to introduce evidence of the alleged attempted robbery on October 7, 2005. Dean "makes no response to the admission of evidence of the alleged aborted robbery on October 7, 2005." (Resp. 2). The evidence the Government seeks to introduce is admissible under Rule 404(b) because it is relevant to show Dean's alleged planning and preparation for the December 2005 Robbery. Therefore, the Government's motion is granted.

    B. Evidence Relating to Dean's Possession of Firearms

The Government seeks to admit evidence relating to Dean's possession of two firearms on January 3, 2006. Dean objects to the motion, arguing that such evidence is inadmissible because the firearms were found two weeks after the December 2005 Robbery, that there is no evidence to connect the firearms Dean possessed on January 3, 2006 to those used during the commission of the December 2005

Robbery, and that the probative value of such evidence will be substantially outweighed by the danger of unfair prejudice to Dean. As discussed above, Dean's possession of two firearms on January 3, 2006 is directly relevant to the issue of whether Dean committed the December 2005 Robbery, and the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice to Dean.

Contrary to Dean's assertions, the Government indicates that not only will it introduce evidence that the firearms Dean possessed on January 3, 2006 match the description of those used in the December 2005 Robbery, the Government will offer other evidence indicating that the firearms Dean possessed on January 3, 2006 were the same as those used in the December 2005 Robbery. For example, according to the Government, Moore will testify at trial that Dean provided the firearms used during the December 2005 Robbery and retrieved those firearms from the same location in which they were found on January 3, 2006. The Government also indicates that the evidence will show that the vehicle from which the firearms were recovered was the same vehicle driven to and from the December 2005 Robbery. Based on the above, evidence relating to Dean's possession of firearms on January 3, 2006 is relevant and admissible under Rule 403. Therefore, based on the above, the Government's motion is granted. In addition, the court notes that, to the extent that Dean seeks to challenge the evidence relating to his possession of firearms on January 3, 2006, Dean's plea agreement in case number 06 CR 550 would be admissible as rebuttal evidence.

### C.  Evidence Relating to Cash Bonds Posted in January 2006

The Government seeks to admit evidence of a $20,000 cash bond posted for Dean on January 5, 2006 and a $6,000 cash bond posted for Wilbon on January 8, 2006.  Dean objects to the Government's motion, arguing that such evidence has little probative value and is therefore inadmissible pursuant to Rule 403.  In support of his argument, Dean contends that there is no evidence indicating that the cash used to post bond for Dean and Wilbon in January 2006 was the cash stolen during the December 2005 Robbery.  Dean also contends that since the Government alleges that Dean was a known drug dealer, access to such a sum of money would not be uncommon.  As discussed above, because the posting of the large cash bonds occurred shortly after the December 2005 Robbery, such evidence is directly relevant to the issue of whether Dean committed the December 2005 Robbery.  In addition, the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice to Dean.  Therefore, the Government's motion is granted.

### D.  Recall of Witnesses

The Government has moved for permission to recall witnesses at trial. Defendant Terrance Daniels (Daniels) has not responded to the motion.  Dean has not objected to the motion, but reserves his right to challenge the recall of certain witnesses at trial, depending on the facts and circumstances.  The Government's motion is meritorious, and therefore the Government's motion is granted.

### E. Evidence Designed to Elicit Jury Nullification

The Government has moved to exclude evidence designed to elicit jury nullification, including but not limited to evidence of outrageous Government conduct, argument or questioning relating to the Government's motivation for investigating or prosecuting the case, penalties faced by the Defendants, and the family needs or physical condition of the Defendants. Daniels has not responded to the motion. Dean has not objected to the motion. The Government's motion is meritorious, and therefore the Government's motion is granted.

### F. Discovery Requests or Commentary

The Government moves to bar the Defendants from addressing any discovery-related matters in the presence of the jury. Daniels has not responded to the motion. Dean has not objected to the motion. The Government's motion is meritorious, and therefore the Government's motion is granted.

### G. Evidence or Argument of Lawfulness and Non-Corrupt Conduct

The Government moves to bar the Defendants from introducing evidence of their lawful or non-corrupt conduct unless it meets the requirements of Federal Rule of Civil Procedure 405(a), which allows the introduction of certain reputation or opinion evidence. Daniels has not responded to the motion. Dean has not objected to the motion. The Government's motion is meritorious, and therefore the

9

Government's motion is granted.

H.  Allegations of Witness Wrongdoing not Involving Dishonesty

The Government has moved to bar evidence relating to wrongdoing by any of the Government's witnesses that does not relate to the witnesses' character for truthfulness.  Daniels has not responded to the motion.  Dean has not objected to the motion.  The Government's motion is meritorious, and therefore the Government's motion is granted.

I.  Santiago Proffer

The Government has submitted a Santiago proffer in this case seeking to admit co-conspirator statements against Dean and Daniels in accordance with Federal Rule of Evidence 801(d)(2)(E) (Rule 801(d)(2)(E)) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978).  Daniels has not responded to the motion.  Dean has not objected to the admission of the statements that have been identified by the Government as statements of a co-conspirator, but Dean objects to the admission of testimony from an inmate housed with Daniels at the Metropolitan Correctional Center (MCC Inmate).  Pursuant to Rule 801(d)(2)(E), "the statements of a coconspirator are admissible if the trial court determines by a preponderance of the evidence that: (1) a conspiracy existed; (2) defendant and declarant were involved in the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy."  *United States v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999).  The

Seventh Circuit has "sanctioned so-called *Santiago* proffers," which "allow[] the judge to conditionally admit coconspirator statements based on the government's proffer." *Id.* At the close of the Government's case at trial, if the Government "has not met its burden to show that the statements are admissible, the defendant can move for a mistrial or to have the statements stricken." *Id.*

Dean argues that Daniels' statements to the MCC Inmate (Statements) were not made during and in furtherance of the conspiracy, and that the Statements are therefore inadmissible under Rule 801(d)(2)(E). In its response, the Government agrees that the Statements are not admissible pursuant to Rule 801(d)(2)(E) since they are not statements of a co-conspirator. However, the Government correctly points out that the Statements are admissible against Daniels, pursuant to Federal Rule of Evidence 801(d)(2), because they are admissions of a party opponent. The Government indicates that the Statements were included in the *Santiago* proffer merely as part of the evidence that establishes the existence of the alleged conspiracy and that the Government is not seeking to admit the Statements pursuant to Rule 801(d)(2)(E). The Government also indicates that the Statements do not relate to any robbery with which Dean was charged and that the Government will not argue or imply that the Statements should be used against Dean. Therefore, based upon the above, Dean's objection to the introduction of the Statements is without merit and is not relevant to the court's determination of whether to conditionally admit the statements of alleged co-conspirators identified in the Government's motion.

In response to the Government's *Santiago* proffer, Dean also argues that the

11

evidence relating to the cash bonds posted in January 2006 and Dean's possession of firearms on January 3, 2006 is inadmissible, pursuant to Rule 403, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Dean. As the court has discussed at length above, such evidence is admissible under Rule 403. Based on the above, the court grants the Government's motion to conditionally admit the statements of the alleged co-conspirators.

In addition, the court notes that as the trial progresses and certain evidence is admitted, the court will entertain from the parties proposed limiting instructions to the jury, as warranted.

## CONCLUSION

Based on the foregoing analysis, the court grants the Government's motions in limine and denies Dean's motions in limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 9, 2012